REQUESTED BY: Senator Ernest Chambers Member of the Legislature Room 354 State Capitol Lincoln, Nebraska 68509
Dear Senator Chambers:
This opinion is in response to your letter of April 2, 1981 in which you have asked seven questions concerning LB 205, a bill related to fire investigations. These questions relate to the final reading copy of the bill along with the amendments to it found at pp. 1240-1242 of the Legislative Journal, 55th Day, April 1, 1981. This bill would amend Neb.Rev.Stat. § 81-509 (Reissue 1976) and Neb.Rev.Stat. 81-1401
(Supp. 1980), as well as create a new section covering arson investigators.
1. LB 205 would amend Neb.Rev.Stat. § 81-1401 (Supp. 1980) which sets out the definitions used in Neb.Rev.Stat. 81-1401
to § 81-1414, Nebraska Law Enforcement Training Center. The bill adds `authorized arson investigator' to the definition of `law enforcement officer.' LB 205, section 3(3)(v). Your question is whether the definition is valid. This section states that a law enforcement officer:
[I]ncludes but is not limited to:
. . .
 (v) A full-time employee of an organized and paid fire department of any city of the metropolitan class, who is an authorized arson investigator, and whose duties consist of determining the cause, origin, and circumstances of fires or explosions, while on duty in the course of an investigation.
It is our opinion that this definition is adequate. It sets out certain criteria necessary for an authorized arson inspector including the type of fire department the person must work for and the duties of such a position. The characteristics of an `authorized arson investigator' suitable for inclusion in the definition of `law enforcement officer' can easily be discerned. Furthermore, the context of this language must be considered. The definition of `law enforcement officer' in Neb.Rev.Stat. § 81-1401 (Supp. 1980) merely sets out that class of persons who have priority for training at the Nebraska Law Enforcement Training Center. Neb.Rev.Stat. § 81-1412 (Reissue 1976).
2. Part of the proposed definition of law enforcement officer in LB 205 section 3(3)(v) includes the language `while on duty in the course of an investigation.' It is our opinion that this language is an adequate part of the job description. Similar language is found in section 1 of this bill. It serves to emphasize that an authorized arson investigator is classified as a peace officer and has powers of arrest, search and seizure, and securing and service of warrants only while on duty investigating possible cases of arson.
3. The provisions of sections 1 and 3 of this bill apply only to arson investigators in cities of the metropolitan class. Such cities are defined in Neb.Rev.Stat. 14-101
(Reissue 1977) as those with a population of 300,000 or more. At the present time, Omaha is the only city of the metropolitan class in Nebraska.
In order to determine if such a limitation is constitutional, two matters must be considered: whether or not the classification creates a permanently closed class and whether or not the classification is arbitrary or unreasonable in relation to the purpose of the bill.
The classification does not create a closed class. If other communities in Nebraska attain the requisite population to become cities of the metropolitan class, they would come within the scope of this bill. LB 205 can be distinguished from cases where the classification would always limit the application of the law to present conditions.State ex rel. Douglas v. Marsh, 207 Neb. 598, 607, ___ N.W.2d ___ (1980).
However, there are possible constitutional difficulties on the issue of the reasonableness of the classification in relation to the bill's purpose. It is unclear why the granting of police officer powers and status should be available only to arson inspectors in cities of the metropolitan class.
Although the Legislature has the power to create classifications, these may not be arbitrary.
 A legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. Classifications for the purpose of legislation must be real and not illusive; they cannot be based on distinctions without a substantial difference.
City of Scottsbluff v. Tiemann, 185 Neb. 256, 266,175 N.W.2d 74 (1970)
4. An amendment to LB 205 section 3(3)(v) changes the language from `on duty in the course of any such investigation' to `on duty in the course of an investigation.' While it may not be clear why this change was made, it is our opinion that it does not expand the authority of an authorized arson investigator contemplated by this bill. It is still clear that the duties of such a position are limited to the determination of the `cause, origin, and circumstances of fires or explosions.' As stated above, this section merely defines those persons eligible to attend the Nebraska Law Enforcement Training Center. The language in section 1 of this bill, `while on duty and in the course of any such investigation,' has not been changed. Furthermore, the second paragraph of section 1 explicitly states, `Any person granted the powers enumerated in this section may exercise such powers only while on duty and during the course of investigating the cause, origin, and circumstances of a fire.'
5. The qualifications for being classified as a peace officer under section 1 of LB 205 include being `a sworn member of an organized and paid fire department of any city of the metropolitan class.' A further requirement is that the person `have been an active member of an organized fire department for a minimum of six years.'
These two sentences can refer to different situations. Together they mean that granting of peace officer status to arson investigators requires not only that the investigator presently be a sworn member of an organized and paid fire department in a metropolitan city but also that she or he have been an active member of an organized fire department for at least six years. However, she or he need not have been paid by the latter fire department, nor does the latter department need to have been in a metropolitan city.
6. The `city' referred to in line 21 of section 1 (LB 205, Final Reading, p. 2) refers to the city of metropolitan class where the authorized arson investigator would be presently employed. `Such person . . . shall meet the minimum qualifications and training standards established by the city for all firefighters.'
7. There is no legal difficulty from the lack of a specific statutory cross-reference between sections 1 and 3 of LB 205. The two sections amend two different statutes. Section 1, which provides peace officer authority to certain authorized arson investigators, states that such persons may carry weapons only if they have completed training `offered or approved by the Nebraska Law Enforcement Training Center or equivalent training offered by such city.' Section 3 defines who has priority for such training at the Law Enforcement Training Center. It is our view that this cross-reference is sufficient.
In conclusion, it appears that LB 205 is adequate with respect to most of the questions you have raised. However, the limitation of police officer powers and status to arson investigators in cities of the metropolitan class may be constitutionally suspect.
Sincerely, PAUL L. DOUGLAS Attorney General Dale D. Brodkey Assistant Attorney General